**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DAISCIA N. REDMAN,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-cv-213<br><br>Judge Thomas M. Rose<br>Magistrate Judge Peter B. Silvain, Jr. |

---

**ORDER and REPORT AND RECOMMENDATIONS[1]**

---

Plaintiff Daiscia Redman, an inmate housed at the Dayton Correctional Institution ("DCI"), has filed a *pro se* Complaint against the Ohio Department of Rehabilitation and Corrections ("ODRC") and multiple DCI employees.[2] (Doc. 5). Plaintiff's claims arise against Defendants for the alleged failure to protect Plaintiff when other inmates stole her personal belongings, threatened to attack her, and then followed through on the attack. *Id.* at 41-44. The Court understands the Complaint to be filed under 42 U.S.C. § 1983. (Civil Cover Sheet, Doc. 1-2). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 4).

This matter is first before the Court for a *sua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.
[2] Plaintiff names the following Defendants: ODRC and five DCI employees: Unit Manager Chief Marva Allen, Unit Manager T. Priest, Case Manager Ms. Abrams, Deputy Warden Katie Nixon, and Sergeant Carl Imhoff. (Complaint, Doc. 5, *PageID* 37).

who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## I. SCREENING STANDARD

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis* (*see* Order Granting "IFP" Status, Doc. 4), the Court is required to conduct an initial screening of her Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990) (citations omitted). An action has no arguable *legal* basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (citing *Neitzke*, 490 U.S. at 327-28). An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Vandiver v. Prison Health Servs.*, 727 F.3d 580, 585 (6th Cir. 2013) (citations omitted); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations omitted); *Lawler*, 898 F.2d at 1198 (quoting *Neitzke*, 490 U.S. at 328) (noting that courts can dismiss "claims whose factual contentions are clearly baseless"). The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill*, 630 F.3d at 471 (quoting *Neitzke*, 490 U.S. at 327-28).

A complaint must also be dismissed if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (citations omitted). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007) (citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a *pro se* complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (citing Fed. R. Civ. P. 8(f) [now (e)]); *Heyward v. Cooper*, 88 F.4th 648, 653-54 (6th Cir. 2023). Even with such a liberal construction, a *pro se* complaint must still adhere to the "basic pleading standards." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)). Specifically, a "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that Defendants failed to protect her from another inmate. (Complaint, Doc. 5, *PageID* 41-44).[3] Plaintiff first alleges that around 3:00 a.m. on May 8, 2026, while she was sleeping, her cellmate Judith Tatum tried to steal her tablet charger to use for smoking "K-2 Paper." *Id.* at 41. Plaintiff alleges that since becoming cellmates two days prior, Tatum, a "known drug addict, [thief], and violent inmate," had "already stolen food and other small items" from her. *Id*. Defendant Unit Manager Chief Marva Allen made the cell change, Plaintiff alleges, despite knowing that Tatum is a "violent, delusional drug addict" with years of conduct reports. *Id*. Plaintiff alleges that Tatum had sold her own tablet charger earlier in the day and tried to steal Plaintiff's charger to replace it. *Id*.

Plaintiff next alleges that she reported the attempted theft to Defendant Unit Sergeant Carl Imhoff, who "dismissed" Plaintiff. (Doc. 5, *PageID* 41). Plaintiff alleges that she was then handcuffed and escorted to mental health where she also tried to explain what happened. *Id*. She alleges that mental health personnel involved non-defendant Lieutenant Drake, who informed her that Tatum made a "PREA complaint" against Plaintiff for reporting the issue. *Id*. Plaintiff was then moved to restrictive housing without any further explanation, she alleges. *Id*. While in restrictive housing, Plaintiff alleges that Defendant Allen permitted Tatum to return to their cell,

[3] It appears that the pages in the Complaint (Doc. 5) may be in the wrong order, which for continuity purposes should be read PageID 41, 43, 42, 44.

at which time Tatum stole Plaintiff's belongings and passed them to the inmates in the next cell. *Id.* at 41, 43. When she returned to her cell, Plaintiff alleges that she informed Defendant Imhoff, who responded, "I'm going home in 10 minutes, I don't care." *Id.* at 43. She also alleges that other non-defendants Captain Newsome and Corrections Officers Cole and Oakes refused to act when informed that Tatum stole Plaintiff's personal belongings. *Id.*

Plaintiff next alleges that she was moved back to "TPU," where she informed other staff members and Defendant Allen of the theft, and no one acted. (Doc. 5, *PageID* 43). While in TPU, Plaintiff alleges that Tatum was brought in as well and "began incessantly screaming threats to fight me, break my teeth, have her girlfriend Stephanie Moore beat me up etc." *Id.* (internal quotation marks omitted). Plaintiff alleges that Allen did intervene in this instance, telling Tatum to "calm down" and that she was releasing Tatum from TPU. *Id.*

Plaintiff alleges that inmates Tatum and Moore returned to TPU the following week and "immediately began harassing and threatening" Plaintiff. (Doc. 5, *PageID* 43). Plaintiff alleges that she intercepted a letter Moore wrote for Tatum, stating that Moore was going to beat up Plaintiff. *Id*. She then alleges that she immediately notified staff about the threats and sought unit separation, including informing Defendants Allen and Case Manager Abrams through kites, written statements, and verbal communication. *Id.* at 42. Plaintiff alleges that she was denied any help. *Id*.

Plaintiff also alleges that Moore threatened her on two more occasions, resulting in non-defendant Corrections Officers Bradley and Berger writing conduct reports against Moore. *Id*. Plaintiff alleges that she was still not separated from Moore and Tatum, and that both continued to threaten her. *Id*. Although Plaintiff reported the threats, she alleges that Defendant Allen stated she will not do anything until "they actually do something" to Plaintiff. *Id*. Plaintiff then alleges

that on May 27, 2026, Moore refused to return to her cell, waiting to attack Plaintiff, which resulted in Moore being sprayed with O.C. spray. *Id*.

Finally, Plaintiff alleges that the next day, Tatum followed her into the unit foyer and began "striking" Plaintiff from behind. (Doc. 5, *PageID* 42). Plaintiff alleges that she yelled for help while being attacked for what felt like several minutes. *Id*. According to Plaintiff, Tatum then slammed Plaintiff on to her back, hitting her head and going unconscious while Tatum continued to attack her. *Id*. Plaintiff alleges that she has suffered a head injury, a busted lip, and a scratch on her chin, and that she still suffers from "severe neck and back pain, headaches and high anxiety" because Defendants still refuse the unit separation, despite being aware of the risk of harm being housed with Tatum and Moore. *Id*. She alleges that Defendants were "deliberately indifferent to the risk," intentionally keeping her in danger. *Id.* at 44. Plaintiff further alleges that Defendants did this "maliciously and out of spite for filing previous litigation and grievances." *Id*. She alleges that Defendants wanted her to be attacked and did not care about her safety, violating their duty to protect her. *Id*.

Plaintiff seeks injunctive and monetary relief against Defendants. *Id.* at 44-45.

## III. <u>ANALYSIS</u>

Based on the above allegations, the Undersigned understands Plaintiff to be bringing the following claims:

> 1. Eighth Amendment failure-to-protect claims against Defendants Allen, Imhoff, and Abrams for allegedly showing deliberate indifference toward Plaintiff and the threats of serious harm posed by other inmates;
>
> 2. Fourteenth Amendment deprivation-of-property claims against Defendants Allen and Imhoff for allegedly failing to act when other inmates stole Plaintiff's personal belongings; and

> 3. First Amendment retaliation claims against Defendants for failing to protect Plaintiff from other inmates in retaliation for Plaintiff filing other lawsuits and grievances.

At this stage of the proceedings, and without the benefit of further briefing by the parties, the Undersigned concludes in an abundance of caution that Plaintiff **MAY PROCEED** with her Eighth Amendment claim against Defendant Marva Allen for the alleged failure to protect Plaintiff from other inmates. The Undersigned advises Plaintiff that this is only a preliminary determination. The Undersigned has not made a determination as to the merits of the claims being allowed to proceed, nor considered any potential defenses. Defendant Allen is not precluded from filing a motion to dismiss, a motion for a more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

As explained in more detail below, however, Plaintiff's remaining claims should be **DISMISSED** for the failure to state a claim upon which relief may be granted, including any official capacity claims for monetary damages. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

**A. Official Capacity Claims for Monetary Relief**

Although Plaintiff may proceed with her failure-to-protect claim against Defendant Allen, any official capacity claims for monetary damages should be dismissed as barred by the Eleventh Amendment of the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270-71 (6th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985)). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993) (citations omitted). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.

*See Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (citations omitted); *Smith v. DeWine*, 476 F. Supp. 3d 635, 650-52 (S.D. Ohio 2020) (citations omitted).

The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for recovery of money from the state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)). And a suit against state defendants in their official capacities would be a way of pleading the action against the entity of which the defendants are agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Graham*, 473 U.S. at 165) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." (internal quotation marks omitted)). Actions against state officials in their official capacities are therefore included in this bar. *Maben*, 887 F.3d at 270; *Smith*, 476 F. Supp. 3d at 650-52; *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (quoting *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.").

Plaintiff does not appear to indicate whether she is suing the state Defendants in their individual capacities, official capacities, or both. (*See generally* Complaint, Doc. 5). But Plaintiff does seek monetary relief. *Id.* at 44-45. To the extent that Plaintiff seeks money damages from Defendants in their official capacities, such requests are considered claims against the State of Ohio and should be **DISMISSED with prejudice**. *Smith*, 476 F. Supp. 3d at 650-52; *Colvin*, 605 F.3d at 289; *Maben*, 887 F.3d at 270-71.

### B. Fourteenth Amendment Claims Against Defendants Allen and Imhoff

To the extent that Plaintiff alleges that Defendants Allen and Imhoff are liable for inmates stealing from Plaintiff, she fails to state a claim upon which relief may be granted. While Plaintiff alleges that she informed Allen and Imhoff about the thefts (Complaint, Doc. 5, *PageID* 41, 43), she fails to allege that these Defendants were personally involved in stealing her property. *See Hardin v. Straub*, 954 F.2d 1193, 1196-98 (6th Cir. 1992) (finding that a plaintiff must allege that a defendant was personally involved in the misconduct). Further, to state a cognizable deprivation of property claim under the Fourteenth Amendment Due Process Clause, a plaintiff must allege that the "state remedies for redressing the wrong are inadequate." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 650 (S.D. Ohio 2023) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983)). Plaintiff fails to make any such allegations here. (*See generally* Doc. 5). At most, Plaintiff alleges that Allen and Imhoff failed to act on the property theft, which is insufficient to state a plausible claim for relief. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted) ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'"). Accordingly, any Fourteenth Amendment deprivation of property claims should be **DISMISSED**.

### C. First Amendment Retaliation Claims

Plaintiff's allegations that Defendants failed to protect her as retaliation for filing prior lawsuits and grievances fail to state a plausible claim for relief. A prisoner's claim of retaliation for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). Retaliation claims require a plaintiff to plead that: (1) she engaged in protected conduct; (2) the defendant took an adverse action against her that "would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct"; and (3) the

plaintiff's protected conduct motivated, at least in part, the defendant's adverse action. *Id.* at 394. The plaintiff bears the initial burden of establishing that the defendant acted with a retaliatory motive. *Maben*, 887 F.3d at 266. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (citations omitted).

Plaintiff alleges in conclusory fashion that Defendants acting with deliberate indifference to the risk of harm was "done maliciously and out of spite for filing previous litigation and grievances." (Complaint, Doc. 5, *PageID* 44). Plaintiff's allegations of retaliation are too speculative and are unsupported by material facts to state plausible retaliation claims against any Defendant. As noted above, conclusory allegations, without any further factual enhancement, are insufficient to meet the basic pleading standards under Federal Rule of Civil Procedure 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (citations omitted). Without more, Plaintiff's retaliation claims should be **DISMISSED**.

**D. Eighth Amendment Claims Against Defendants Imhoff and Abrams**

To the extent that Plaintiff intended to raise Eighth Amendment failure-to-protect claims against Defendants Sergeant Carl Imhoff and Case Manager Abrams (*see* Complaint, Doc. 5, *PageID* 41-44), such allegations fail to state a claim upon which relief may be granted. The Eighth Amendment protects inmates from cruel and unusual punishment. U.S. CONST. amend. VIII. This right requires prison officials to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted). A prison official only violates an inmate's rights, however, if they act with "deliberate indifference to inmate health or safety." *Id.* at 834 (cleaned up). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835.

Additionally, Eighth Amendment failure-to-protect claims have both an objective and subjective component. *Richmond v. Huq*, 885 F.3d 928, 937-38 (6th Cir. 2018). The objective component requires the inmate to show incarceration "under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). The subjective component requires the inmate to show "that the individual defendants (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) actually drew the inference; and (3) consciously disregarded the risk." *Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 726-27 (6th Cir. 2022) (internal quotation marks and citations omitted). Dismissal of a failure to protect claim is appropriate under 28 U.S.C. § 1915(e)(2) when a plaintiff only expressed a "general concern" to correction officials and "had not received any threats prior to being transferred" nor "identif[ied] any particular gang members whom he feared." *Gant v. Campbell*, 4 F. App'x 254, 256 (6th Cir. 2001).

Plaintiff first alleges that she informed Defendant Imhoff about inmate Tatum attempting to steal Plaintiff's tablet charger. (Doc. 5, *PageID* 41). She also alleges that when she informed Imhoff about inmates stealing her property while away from her cell, he responded that "I'm going home in 10 minutes, I don't care." *Id.* at 43. But Plaintiff does not allege that she informed Imhoff or that he was otherwise aware of the specific threats of serious harm posed by the other inmates. Her allegations do not demonstrate that Imhoff had deliberate indifference to the risk of serious harm to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 834-35. Without more, Plaintiff fails to allege a plausible claim for relief against Imhoff.

Plaintiff does allege that she informed Defendant Abrams of the threats of harm on May 8, 2026, and May 15, 2026, through kites, written statements, and verbal communication. (Doc. 5, *PageID* 42). Plaintiff alleges that she sought to be placed in protective custody and to have a unit

separation from inmates Tatum and Moore, but that Abrams was involved in denying the requests. *Id*. While Abrams may have been aware of the risk of harm, Plaintiff fails to allege any facts that show Abrams had the subjective state of mind to satisfy the deliberate indifference prong for an Eighth Amendment failure-to-protect claim. In other words, Plaintiff fails to demonstrate that Abrams "consciously disregarded the risk" of harm. *See Westmoreland*, 29 F.4th at 726. Plaintiff's allegations against Abrams arise to a mere failure to act, which is insufficient to state a plausible claim for relief. *See Shehee*, 199 F.3d at 300.

As pled, it does not appear that Plaintiff alleges any other constitutional violations against Imhoff or Abrams. (*See generally* Doc. 5). On these facts, the Undersigned cannot conclude that Plaintiff states a plausible claim for relief against Defendants Imhoff and Abrams. Accordingly, Plaintiff's Eighth Amendment claims against Defendants Imhoff and Abrams should be **DISMISSED**; and because Plaintiff fails to state a claim upon which relief may be granted against Imhoff and Abrams, they should be **DISMISSED** as defendants here.

### E. Claims Against State Agency ODRC

To the extent that Plaintiff intended to raise claims against the Ohio state agency ODRC, (*see* Complaint, Doc. 5, *PageID* 37, 40), she fails to state a claim upon which relief may be granted. "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 64 (1989)). A state corrections department is not a "person" subject to civil action under § 1983. *E.g.*, *Marcum v. Ohio*, No. 2:24-cv-4048, 2025 WL 1347266, at *6 (S.D. Ohio May 8, 2025) (collecting cases). Accordingly, any claims against ODRC should be **DISMISSED**; and ODRC should be **DISMISSED** as a defendant here.

### F. Failure to Satisfy Basic Pleading Standards Against Defendants Priest and Nixon

Plaintiff also fails to state a claim upon which relief may be granted against remaining Defendants Unit Manager T. Priest and Deputy Warden of Operations Katie Nixon. As noted above, Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement that shows how Plaintiff is entitled to relief from *each* Defendant. Plaintiff must allege personal involvement by Defendants in causing her injury. *Hardin v. Straub*, 954 F.2d 1193, 1196-98 (6th Cir. 1992). "A plaintiff, even one proceeding pro se, must plead sufficient *facts* to show how each defendant allegedly violated plaintiff's rights." *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *18 (S.D. Ohio Mar. 17, 2023) (citations omitted), *report and recommendation adopted*, No. 2:22-cv-4179, 2023 WL 6065130 (S.D. Ohio Sept. 18, 2023); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citation omitted) (noting that pro se plaintiffs must still satisfy the basic pleading standards). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff fails to satisfy these basic pleading requirements because she names Defendants Priest and Nixon in the caption of her Complaint without raising any factual allegations against these individual Defendants. (Doc. 5, *PageID* 41-45). Plaintiff fails to identify how *each* of these two Defendants were *personally involved* in the alleged failure to protect her. In short, she fails to raise any allegations against Priest or Nixon. Accordingly, to the extent that Plaintiff intended to allege constitutional violations against Priest and Nixon, any such claims should be **DISMISSED**

**without prejudice** for the failure to meet the basic pleading standards. *See* Fed. R. Civ. Pro. 8(a); *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (citing *Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662); *see also Erickson*, 551 U.S. at 93 (citation omitted).

## IV. CONCLUSION

Based on the foregoing and in an abundance of caution, Plaintiff's Eighth Amendment failure-to-protect claim **MAY PROCEED** for further development against Defendant Marva Allen in her individual capacity, and in her official capacity to the extent that Plaintiff seeks injunctive relief. But Plaintiff has not submitted service and summons forms for Defendant Allen.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff **MAY PROCEED** at this juncture on her Eighth Amendment failure-to-protect claim against Defendant Allen for allegedly failing to protect Plaintiff from other inmates despite being aware of the threat of serious harm.

2. To proceed, however, Plaintiff must submit completed summons and service (USM-285) forms for Defendant Allen **WITHIN 30 DAYS** of the date of this Order **with a motion to issue service**. The Clerk of Court is **DIRECTED** to send the appropriate summons and service forms to Plaintiff for her to complete.

3. Plaintiff shall serve upon Defendant Allen or, if appearance has been entered by counsel, upon Defendant Allen's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant Allen or Defendant Allen's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff is reminded that she must keep this Court informed of her current address and promptly file a Notice of New Address if she is released or transferred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's official capacity claims for monetary damages against all Defendants be **DISMISSED with prejudice**.

2. Plaintiff's Fourteenth Amendment deprivation-of-property claims against Defendants Imhoff and Allen be **DISMISSED without prejudice**.

3. Plaintiff's First Amendment retaliation claims against Defendants be **DISMISSED without prejudice**.

4. Plaintiff's Eighth Amendment failure-to-protect claims against Defendants Imhoff and Abrams be **DISMISSED without prejudice**.

5. To the extent that Plaintiff intended to raise claims against Defendants ODRC, Priest, and Nixon, such allegations should be **DISMISSED without prejudice**.

6. Given that Plaintiff fails to state plausible claims for relief against Defendants ODRC, Imhoff, Priest, Abrams, and Nixon, they should be **DISMISSED** from this action.

September 29, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).